UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUCKY K. UNDERWOOD, II | * | CIVIL ACTION NO. |
| | * | |
| versus | * | JUDGE: |
| | * | |
| ROWAN COMPANIES, INC. | * | SECTION: |
| | * | |
| | * | MAGISTRATE: |

*   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND JURY DEMAND

The Complaint of Lucky K. Underwood, II, a person of the full age of majority, and a resident and domiciliary of Lauderdale, Mississippi respectfully represents, as follows, to-wit:

1.

Made defendant herein is:

**A.     ROWAN COMPANIES, INC.** (hereinafter "Rowan") a corporation authorized to do and doing business in the State of Louisiana.

2.

Jurisdiction of this Honorable Court is based on the Jones Act (46 U.S.C. § 688, *et seq.*) and under the general maritime law for negligence and unseaworthiness.

3.

Defendant is justly and truly indebted unto Plaintiff for the following reasons, to-wit:

4.

At all material times, Plaintiff, Lucky K. Underwood, II, was employed by Defendant, Rowan, as a Jones Act seaman.

5.

Defendant, Rowan, is a drilling company that owns and operates a fleet of movable offshore drilling rigs.

6.

Plaintiff was permanently assigned to the ROWAN LOUISIANA , a vessel registered with the United States Coast Guard, as a seaman and member of the crew.

7.

At all relevant times, the ROWAN LOUISIANA was in navigation in the Gulf of Mexico, and was owned and/or operated and/or chartered and/or controlled by Defendant.

8.

On August 26, 2011, Plaintiff was working aboard the ROWAN LOUISIANA, in and/or around the area of the vessel commonly referred to as the "shaker house."

9.

As Plaintiff was working to change a shaker screen, at approximately 4:00 a.m., his foot, ankle, and leg became caught in the auger.

10.

While the auger was supposed to have been covered by protective grating, Plaintiff's foot, ankle, and leg became caught in an area where approximately twelve (12) inches of grating had been removed by Defendant.

11.

Upon information and belief, the grating had been intentionally removed by Defendant to allow work to be performed on a gear box and for regular maintenance of the auger.

12.

Plaintiff was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obligated to perform pursuant to directives of Defendant.

13.

The accident was caused by no fault of Plaintiff and was caused solely by the negligence and wanton recklessness of Defendant, which is more particularly described as follows:

A. Removing the area of protective grating referenced above;

B. Leaving the auger exposed without protective grating and/or guards;

C. Failing to warn Plaintiff of the lack of protective grating;

D. Failing to implement safety policies, practices, and procedures regarding the use of the area in and/or around the auger referenced above;

E. Failing to instruct Plaintiff on any safety policies, practices, and procedures regarding the use of the area in and/or around the auger referenced above;

F. Failure to follow applicable safety and operating procedures;

G. Failure to follow government and industry rules, regulations, and standards;

H. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the vessel at the time of the accident;

I. Failure to act with the required degree of care commensurate with the existing situation; and

J. Other acts of negligence and fault which may be shown through discovery or at trial.

14.

These acts of negligence render Defendant liable to Plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or general maritime law for negligence.

15.

Plaintiff further avers that through the actions and/or inactions of Defendant, that the ROWAN LOUISIANA was rendered unseaworthy.

16.

The unseaworthiness of the ROWAN LOUISIANA renders Defendant liable to Plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or general maritime law for unseaworthiness.

17.

Plaintiff seeks recovery against Defendant for its wrongful conduct, including gross, reckless, and wanton conduct, under the general maritime law and as a Jones Act seaman and member of the crew of the ROWAN LOUISIANA vessel.

18.

As a result of this incident, Plaintiff sustained severe and disabling physical injuries, including, but not limited to injuries to his:

    A.       Foot;

    B.       Ankle; and

    C.       Leg.

19.

As a result of this incident, Plaintiff sustained emotional and psychological injuries, including, but not limited to, the following:

    A.       Anxiety;

    B.       Restlessness; and

    C.       Depression.

20.

As a result of the above-described negligence, Plaintiff is entitled to recover all general and special damages provided by law, including, but not limited, to the following:

    A.       Physical and mental injury, pain and suffering, mental anguish and distress and fright;

    B.       Loss of earnings, past and future;

    C.       Loss of earning capacity;

    D.       Loss of fringe benefits;

    E.       Loss of enjoyment of life;

    F.       Mental anguish, grief, profound depression, anxiety and suffering;

    G.       Medical and related expenses, past and future;

    H.       Punitive or exemplary damages;

I.       Other items of damage which may be shown through discovery or at trial;

J.       All appropriate general and equitable relief;

K.      Prejudgment interest on all sums awarded from date of loss until paid;

L.       Post-judgment on all sums awarded from date of judgment until paid; and

M.     All court costs and litigation costs allowed by law.

21.

Plaintiff demands that Defendant provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $60.00 per day from the date of his injury.

22.

Defendant's conduct was reckless and egregious in complete disregard of the safety of Plaintiff and Defendant is therefore liable for punitive damages.

23.

Defendant is further liable for punitive damages for its willful and wanton disregard of its maintenance and cure obligations to Plaintiff by issuing minimal maintenance payments.

### **REQUEST FOR JURY**

24.

Plaintiff prays for a jury trial of all matters herein.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, Lucky K. Underwood, II, prays that after due proceedings are had, there be judgment in his favor and against the Defendant, Rowan Companies, Inc., for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

\_\_\_\_s/Joseph E. Cain_____
**JOSEPH E. CAIN (La Bar No. 29785)**
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024